THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. WOOLLARD, Relator, Respondent, v. RICHARD J. LEWIS, Commissioner of Assessment and Taxation of the City of Albany, New York, and Others, Appellants. And Seventeen Other Proceedings.— This record involves eighteen separate orders in that number of tax review proceedings. The Special Term has allowed ten dollars in each proceeding, that is, the aggregate sum of $180. The amount should be reduced in accordance with the decision. Orders modified by reducing the costs awarded to the sum of $100 in the aggregate, in addition to disbursements in entering orders, and as so modified affirmed, without costs to either party, but with printing disbursements to the city. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

IDA M. DIBBLE, as Administratrix De Bonis Non, etc., of ERVIN L. ALLEN, Deceased, Respondent, v. FRED WHIPPLE, Appellant.— Defendant has appealed from a judgment, based on the verdict of a jury in plaintiff's favor, entered in the clerk's office of Schoharie county on the 20th day of April, 1937. The action is founded on negligence. Plaintiff's intestate was a passenger in an automobile owned and operated by defendant. Because of the negligent operation of such car on September 20, 1932, the vehicle overturned and plaintiff's intestate sustained injuries as a result of which he died on March 2, 1933. On this appeal defendant contends that the evidence is insufficient to establish negligence on his part and that the damages awarded are excessive. The proof amply sustains the jury's verdict. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Estate of CHARLES R. ROSS, Deceased. ARCHIBALD R. WADDELL, as Administrator, etc., Appellant; GEORGE E. SMITH, M. D., Respondent.— Appeal from the decision of the Surrogate's Court, Rensselaer county, and from a decree of such court granted on such decision and entered in the office of the clerk of that court decreeing that two certain policies of insurance issued by the Prudential Life Insurance Company upon the life of decedent herein, and the proceeds thereof, are not assets of the estate and that the estate is not entitled thereto, and directing that the petition in the discovery proceeding relative to said property be dismissed. After the policies were issued to deceased he paid premiums upon them for about seventeen weeks. He then delivered the policies to the agent through whom he had procured them and requested the agent to deliver them to Dr. Smith, the respondent herein, stating that he could not pay the premiums any longer and that Dr. Smith would pay the premiums. The agent testified: " He came to me and told me that he couldn't pay them any longer and he handed the policies to me and he wanted me to take them over and give them to Dr. Smith." The agent delivered the policies to Dr. Smith, who paid premiums on them in the sum of $373.20. The amount of the policies is $607.20. They specified no designated beneficiary. Upon decedent's death petitioner herein demanded the policies, which demand was refused by respondent upon the ground that the policies were given to him by deceased. Decree and order unanimously affirmed, with costs to the respondent against the appellant. Present—Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.